**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-cr-35-5 (EGS)** |
| **v.** | : | |
| | : | |
| **JACK WADE WHITTON,** | : | |
| **Defendant.** | : | |

### RESPONSE TO APPLICATION FOR ACCESS TO VIDEO EXHIBITS

The United States of America, by and through its attorney, the Acting United States Attorney for the District of Columbia, hereby responds to the Court's July 2, 2021 Minute Order, directing the parties to respond to petitioners' request to access video exhibits submitted to the Court in *United States v. Jack Wade Whitton*, 21-cr-35-5 (EGS). Petitioners represent 16 news organizations, which have moved this Court to disclose video evidence used in the pretrial detention hearings for the defendant in this case, Jack Wade Whitton. The government conferred with the defense counsel in this matter, and the parties agree that the videos submitted to this Court can be released in accordance with the procedure outlined by the Chief Judge. *See* Standing Order 21-28 (BAH), at 6.

The D.C. Circuit has consistently employed the six-factor "Hubbard test" [1] when determining whether the common-law right of access to judicial records requires those records to

---

1 The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Leopold v. v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

1

be made available to the public for copying and inspection. Applied in the general context of video exhibits admitted into evidence in court hearings involving defendants charged with criminal offenses related to the January 6, 2021 breach of the U.S. Capitol, and absent order of the court, that test generally weighs in favor of allowing public access to these exhibits.

The petitioners' filing seeks video exhibits from the detention hearing held in this matter before Judge Emmet G. Sullivan. *See* ECF No. 1, 21-mc-84, at 1.   The government submitted six video exhibits to this Court in advance of the April 12, 2021 detention hearing before Judge Sullivan.   Neither party sought a sealing order for the video exhibits and all the video exhibits were played during the hearing.

Therefore, since the video exhibits were used in this Court's decision on detention, and were not subject to a sealing order, the parties do not object to its disclosure at this time. The government does request that, pursuant to Standing Order 21-28 (BAH), "no recording, copying, downloading, retransmitting or further broadcasting" of the video exhibits be permitted in this case.

Respectfully submitted,

CHANNING PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By:      */s/ Colleen D. Kukowski*
COLLEEN D. KUKOWSKI
Assistant United States Attorney
D.C. Bar No. 1012458
555 4th Street, N.W., Room 9842
Washington, D.C. 20530
202-252-2646
Colleen.Kukowski@usdoj.gov

2

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the Response to Minute Order Regarding Video Exhibit Release

was served on all counsel of record via the Court's electronic filing service.

_/s/ Colleen D. Kukowski_
COLLEEN D. KUKOWSKI
Assistant United States Attorney

Date:   July 7, 2021